1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOAQUIN RITCHIE,<br><br>                                        Plaintiff,<br><br>v.<br><br>LISA CHAN AND WHEELHOUSE<br>CREDIT UNION,<br><br>                                        Defendants. | Case No.:  23-cv-1715-JO-BGS<br><br><br>**ORDER DISMISSING COMPLAINT<br>AND DENYING MOTION TO<br>COMPEL ARBITRATION AS MOOT** |

On September 18, 2023, *pro se* Plaintiff Joaquin Ritchie ("Plaintiff") filed a complaint alleging that Defendants Wheelhouse Credit Union and Lisa Chan ("Defendants") breached their contract, violating their fiduciary duty to Plaintiff under the Federal Reserve Act.  Dkt. 1 ("Compl.").  In response, Defendants moved to compel arbitration.  Dkt. 4.  For the reasons discussed below, the Court DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction and DENIES Defendants' motion to compel as moot.

## I. BACKGROUND

On October 15, 2020, Plaintiff Joaquin Richie became a member of Wheelhouse Credit Union, a member-owned, non-for-profit cooperative that provides account and loan

services to its members.  Dkt. 4 at 6-7.  By becoming a member, Plaintiff entered into a contract with the credit union that required Plaintiff to "pay [his] debt" and the credit union to "apply the payment to the account."  Compl. at 4.  Defendants Wheelhouse Credit Union and its Vice President and Chief Financial Officer, Lisa Chan ("Chan"), allegedly breached this contract and thereby violated their fiduciary duties when they refused to apply a payment that Plaintiff made to his account.  *Id.*

Based on these facts, on September 18, 2023, Plaintiff filed a complaint against Defendants Wheelhouse Credit Union and Chan requesting that the Court order Defendants to pay a civil money penalty of $24,000,000 for breach of their fiduciary duties set forth by the Federal Reserve Act.  *Id.*  In invoking the Federal Reserve Act, Plaintiff pleaded that this Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]  *Id.* at 6. Shortly after, on October 10, 2023, Defendants filed a motion to compel arbitration.  Dkt. 4.

While Plaintiff invoked a federal statute as the basis of federal question jurisdiction, he failed to explain how his claim, which appeared to be a simple breach of contract issue, raised a question under the Federal Reserve Act.  *See* Compl. at 4.  The Court therefore ordered Plaintiff to show cause why this action should not be dismissed for lack of federal question jurisdiction.  Dkt. 6.  In addition, the Court stayed Defendants' motion to compel pending resolution of the threshold jurisdictional question.  *Id.*  On November 8, 2023, Plaintiff filed an amended response to the Court's Order to Show Cause, asserting that his claims do indeed raise federal questions because they arise under Sections 16 and 29 of the Federal Reserve Act.  Dkt. 9.

/ / /

/ / /

---

[1] Plaintiff does not plead diversity jurisdiction and, even if he did, he cannot not meet the requirements for complete diversity because he alleged that he is a citizen of California and that Defendants Wheelhouse Credit Union and Lisa Chan are both citizens of California.  Compl. at 3; *see* 28 U.S.C. § 1332.

## II. LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, they can only adjudicate cases authorized by the Constitution and Congress: those involving diversity of citizenship, a federal question, or to which the United States is a party. *See Finley v. United States*, 490 U.S. 545 (1989). Before reaching the merits of any dispute, a federal court must confirm that it retains subject matter jurisdiction to adjudicate the issues presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). And whenever a doubt arises, federal courts are "obliged to inquire *sua sponte* as to" whether subject matter jurisdiction "exist[s]." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (internal citation omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

When a plaintiff raises federal question jurisdiction under § 1331, a federal court must ensure that the plaintiff has pled "a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal citation and quotation marks omitted); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). In assessing the sufficiency of the complaint, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (internal citation and quotation marks omitted). If a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face," the plaintiff has failed to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *id.* at 556). *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation and quotation marks omitted).

### III. DISCUSSION

The Court *sua sponte* examines whether it has subject matter jurisdiction over this case. Because Plaintiff asserts federal question jurisdiction as the basis for the Court's jurisdiction, the Court must determine whether Plaintiff's purported federal claim is legally cognizable. Plaintiff argues that he has stated a federal claim for violations of 12 U.S.C. § 412 ("Section 16") or 12 U.S.C. § 504 ("Section 29") of the Federal Reserve Act. Dkt. 9. After reviewing his complaint, the Court disagrees.

Congress created the Federal Reserve Act "to provide for the establishment of Federal Reserve banks, to furnish an elastic currency, to afford means of rediscounting commercial paper, to establish a more effective supervision of banking in the United States, and for other purposes." Federal Reserve Act, 12 U.S.C.A. Ch. 3, Official Title. The Federal Reserve Act is "entirely unrelated to consumer finance and does not provide any rights to a private citizen." *Brown v. Home State Bank*, No. 23-CV-1620-BHL, 2023 WL 8436322, at *2 (E.D. Wis. Dec. 5, 2023). Accordingly, neither Section 16, which enables Federal Reserve banks to provide collateral in exchange for Federal Reserve notes, nor Section 29, which allows the government to collect civil penalties from banks for violating the Federal Reserve Act, contain a private right of action for citizens to bring suit. *See* 12 §§ U.S.C. 412, 504; *Murphy v. Cap. One*, No. 4:23-cv-1120-HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023) ("Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-21, ... governs the issuance and redemption of Federal Reserve notes [and] Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, ... imposes penalties on banks for an array of misconduct."); *White v. Lake Union Ga Partners LLC, C/A*, No. 1:23-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (remarking that "courts across the country

4

have held that [Section 16] does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction"); *Harp v. Police & Fire Fed. Credit Union*, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("Section 29 of the Federal Reserve Act ... imposes penalties on banks for an array of misconduct[,] [b]ut the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.").

Here, Plaintiff has not stated a claim for relief under the Federal Reserve Act because this statutory scheme does not contain a private right of action. In claiming that Defendants failed to apply payment to his account, Plaintiff invokes his individual consumer finance rights and asserts that Defendants violated their fiduciary duty to him as a customer of Wheelhouse Credit Union. Compl. at 4. The Federal Reserve Act, however, only permits federal officials to bring actions against banks for misconduct and does not provide private citizens with a remedy for consumer finance violations. *See Murphy*, 2023 WL 5929340, at *3. Accordingly, Plaintiff cannot bring his consumer finance claims under this Act, and thereby, cannot establish federal question jurisdiction by invoking these statutes.

Plaintiff's argument that he brings these actions "as a Federal Reserve bank," not as a private citizen, does not salvage his claims. Dkt. 9 at 2. Plaintiff asserts that because the Cestui Que Vie Act empowers him to act as a Federal Reserve bank, Defendant Chan, as a "Federal Reserve agent," must give him the "Federal Reserve notes" he is owed. *Id.* However, the Cestui Que Vie Act, a seventeenth century act of the English Parliament, is not applicable law in the United States and cannot confer upon Plaintiff the status and the rights to sue enjoyed by Federal Reserve banks.[2] *See* Cestui Que Vie Act, 1666, 18 & 19

---

[2] Moreover, even if the Court was to find that Plaintiff is a Federal Reserve Bank, Plaintiff still may not bring a claim under 12 § U.S.C. 412 or 12 U.S.C. § 504. 12 § U.S.C. 412 only establishes the application process to obtain Federal Reserve notes and does not provide an enforcement mechanism. *See* 12 § U.S.C. 412 ("Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require."). In addition, he

23-cv-1715-JO-BGS

Car. 2, c.11 (text available at https://www.legislation.gov.uk/aep/Cha2/18-19/11 (accessed January 22, 2024)).  Because Plaintiff has no right to sue as "a Federal Reserve bank" or as a private citizen, his claims under the Federal Reserve Act fail.[3]

The Court dismisses Plaintiff's claims for violation of the Federal Reserve Act with prejudice because no additional facts could cure the fundamental deficiency of this complaint—that Plaintiff does not have the right to sue under this statute.  *See* Compl. at 4.  Given that the Federal Reserve Act does not provide private citizens with a right of action to bring consumer finance claims, further amendment consistent with the original allegations would be futile.  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading").  Accordingly, Plaintiff's alleged federal claims are dismissed with prejudice.

## IV. CONCLUSION

For the reasons set out above, the Court DISMISSES Plaintiff's entire complaint with prejudice [Dkt. 1].  Because the Court dismisses Plaintiffs' complaint with prejudice, the Court DENIES as moot Defendants' motion to compel arbitration [Dkt. 4].  The Clerk of the Court is instructed to close the case.

**IT IS SO ORDERED**.

Dated:  January 23, 2024

_____

Honorable Jinsook Ohta
United States District Judge

---

also cannot seek civil penalties under for a 12 U.S.C. § 504 violation of Section 16 because the statute only provides a remedy for violations of Sections 22, 23A, or 23B of the Federal Reserve Act.

[3] However, to the extent Plaintiff wishes to allege that Defendants Wheelhouse and Chan breached their contract with Plaintiff, he may bring this state law action in state court.